**KRISS & FEUERSTEIN LLP**
Jerold C. Feuerstein, Esq.
360 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 661-2900
(212) 661-9397 – facsimile
Jerold C. Feuerstein, Esq.
jfeuerstein@kandfllp.com

*Attorneys for 497 Greenwich Street Lender LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
:
In re                                                          :  Chapter 11
                                                               :  Case No. 19-10194-mew
JONATHON PATRICK CARROLL,                                      :
                                                               :  Hon. Michael E. Wiles
                                            Debtors.           :  United States Bankruptcy Judge
-------------------------------------------------------------X
                                                               :
497 GREENWICH STREET LENDER LLC,                               :
                                                               :
                                            Plaintiff,         :
                                                               :
                        v.                                     :  Adv. Proc. No. [_____]
                                                               :
JONATHON PATRICK CARROLL,                                      :
                                                               :
                                            Defendant.         :
                                                               :
-------------------------------------------------------------X

## **COMPLAINT**

497 GREENWICH STREET LENDER LLC (the "Plaintiff"), by and through its undersigned counsel, Kriss & Feuerstein LLP, as and for its complaint against JONATHON PATRICK CARROLL (the "Defendant" or "Debtor"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction to consider this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 insofar as this is a core proceeding under 28 U.S.C. § 157(b)

2. Venue is proper in the United States Bankruptcy Court for the Eastern District of New York pursuant to 28 U.S.C. §§1408 and 1409.

3. By and through this adversary proceeding, Plaintiff objects to the Debtor's discharge pursuant to sections §§ 523(a)(2), 523(a)(4), 523(a)(6) and 727(a)(2)(A), 727(a)(2)(B) and 727(a)(4)(A), 727(a)(5) of the Bankruptcy Code.

## THE PARTIES

4. Plaintiff, 497 GREENWICH STREET LENDER LLC is a domestic New York limited liability corporation with its principal place of business at c/o Kriss & Feuerstein LLP, 360 Lexington Avenue, Suite 1200, New York, New York 10017.

5. Upon information and belief, Defendant, JONATHON PATRICK CARROLL, is an individual who may or may not reside in London, England.

## BACKGROUND RELEVANT TO ALL CAUSES OF ACTION

**The Loan**

6. On February 24, 2017, Take One LLC, Lucas Property LLC, and Lucas Property I LLC (collectively, the "Borrowers") executed, acknowledged, and delivered to ECC SPE LLC ("ECC Lender"), an Amended, Restated and Consolidated Note (the "Note") bearing said date, wherein and whereby it was covenanted and agreed that it would repay ECC Lender, the principal amount of $10,100,000.00 with interest thereon as set forth in the Note (the "Loan").

7. As security for the Note, Borrowers executed, acknowledged and delivered to ECC Lender a Mortgage (the "Mortgage") encumbering the properties commonly known as 497

Greenwich Street, Unit 22 (PHA), New York, New York 10013 (Block: 594, Lot: 1224), 556 Third Street, Brooklyn, New York 11215 (Block: 1080, Lot: 31); and 49 Browns Lane, Bellport, New York 11713 (District: 202, Section: 9, Block: 2, Lot: 15) (the "Properties") that was recorded in the Office of the City Register of the City of New York, County of Kings and County of New York (the "Register's Office") on March 10, 2017 under CRFN: 2017000095346, and in the Office of the Suffolk County Clerk (the "Clerk's Office") on April 3, 2017 in Liber: 22804 and Page: 709 encumbering three properties including the Property, where the Art Collection is located.

8. To further secure the indebtedness of the Note, on or about July 17, 2015, Defendant executed a Guaranty (the "Guaranty") of all obligations under the Note and the Mortgage to ECC Lender in the amount of $10,100,000.00.

9. As further security for the Note, the Defendant executed a Personal Financial Statement (the "PFS") indicating that the Defendant possessed, *inter alia*, an art collection (the "Art Collection") which he valued at **$12,000,00.00**.

10. On or about February 24, 2017, the Borrowers and ECC Lender executed a certain First Omnibus Loan Modification Agreement (the "Loan Modification", together with the Note, Mortgage, and Guaranty, the "Loan Documents") whereby, among other things, they modified the terms of the Note by extending the January 17, 2017 maturity date of the Note to May 17, 2017 (the "Extended Maturity Date").

**Assignment to Plaintiff**

11. On June 16, 2017, ECC Lender assigned the Note and Mortgage to Plaintiff, as evidenced by an Assignment of Mortgage (the "Assignment") and endorsement of the Note dated June 16, 2017. The Assignment was recorded with the Register's Office on August 2, 2017 under CRFN: 2017000284269.

**The Default and Foreclosure Action**

12. Pursuant to the terms of the Loan Documents, the subject loan matured on the Extended Maturity Date. The Borrowers failed to comply with the terms and provisions of the Loan Documents by failing to pay the principal sum of $10,100,000.00 on or before the Extended Maturity Date, constituting an event of default (the "Default")

13. As a result of the Default, pursuant to the terms of the Loan Documents, Plaintiff declared the balance of the principal indebtedness immediately due and payable and commenced a mortgage foreclosure action (the "Foreclosure Action") in the Supreme Court of the State of New York, County of Kings (the "Supreme Court") under Index No. 850166/2017 in the matter styled *497 Greenwich Street Lender LLC, N.A. v. Take One LLC, et. al*. The Summons (the "Summons") and Verified Complaint in a Foreclosure Action (the "Complaint") were duly filed with the New York County Clerk on August 2, 2017. Additionally, a Notice of Pendency (the "NY NOP") was filed with the New York County Clerk on August 2, 2017, a Notice of Pendency (the "Kings NOP") was filed with the Kings County Clerk on August 10, 2017, and a Notice of Pendency (the "Suffolk NOP", and together with the NY NOP and the Kings NOP, the "NOPs") was filed with the Suffolk County Clerk on August 11, 2017.

14. The Defendant was made a party defendant in the Foreclosure Action by virtue of the fact that he personally guaranteed all the obligations due under the Loan Documents, as evidenced by the Guaranty. In addition, Defendant and Borrowers failed to appear in the Foreclosure Action.

15. On November 5, 2018, Hon. Ellen Spodek J.S.C., granted Plaintiff a Judgment of Foreclosure and Sale (the "JFS"), ordering the sale of the Properties at public auction by and under the direction of the appointed referee.

4

16. Pursuant to the JFS, Plaintiff scheduled a sale (the "Foreclosure Sale") of the Properties for January 23, 2019, just one (1) day prior to Defendant's instant chapter 11 filing.

**The Instant Filing**

17. On January 22, 2019, the Defendant filed for Chapter 11 bankruptcy relief before the United States Bankruptcy Court, Southern District of New York. As a result, the Foreclosure Sale of the Properties was cancelled.

18. To date, Defendant has not taken any substantive actions in this case other than the filing of a skeletal petition [ECF NO. 1].

19. As such, this Court issued a deficiency notice, directing Defendant to file the requisite documents on or before February 5, 2019 [ECF NO. 2].

20. To date, Defendant, despite being represented by counsel during part of this proceeding, has failed to file a Chapter 11 Statement of Current Monthly Income Form 122B, Schedule A/B, Schedule C, Schedule E/F, Schedule G, Schedule I, Schedule J, a Summary of Assets and Liabilities, a Statement of Financial Affairs, an Attorney Disclosure Statement and a Local Rule 1007-2 Affidavit. In addition, there have been no monthly operating reports filed.

21. On February 12, 2019, Plaintiff filed an application for a comfort order (the "Comfort Order Motion") declaring that the Defendant's status as a guarantor under the Loan could not withstand Plaintiff's ability to foreclose on the Properties that were not owned by the Defendant [ECF No. 9].

22. On March 4, 2019, Defendant interposed opposition to the Comfort Order Motion [ECF No. 11].

23. On March 6, 2019, a hearing was held at which the Court granted the Comfort Order Motion.

24. On March 12, 2019, this Court entered an Order confirming that the automatic stay was inapplicable to the non-Debtor Properties [ECF No. 14].

25. As Defendant continued to ignore his obligations and failed to cure his deficiencies, the United States Trustee filed a motion on shortened notice (the "Conversion Motion") seeking to convert the case from Chapter 11 to Chapter 7 [ECF Nos. 15, 17]. The Conversion Motion also contained a supporting affidavit of Edward Martell, a manager of Plaintiff who (among other things) set forth the Loan's background and potential dissipation of the Art Collection based upon personal inspection.

26. On June 25, 2019, Defendant filed opposition to the Conversion Motion [ECF No. 20].

27. On June 26, 2019, a hearing was held in which this Court granted the Conversion Motion.

28. On June 27, 2019, this Court signed an order (the "Conversion Order") converting the Chapter 11 case to Chapter 7 [ECF No. 22].

29. On June 28, 2019, Kenneth P. Silverman, Esq. (the "Trustee") was appointed as interim trustee and is currently acting in that capacity [ECF No. 23].

30. On July 2, 2019, Defendant's counsel, Donald Neidhardt, Esq. filed the instant application to withdraw as Defendant's counsel, which is scheduled to be heard on August 27, 2019 [ECF No. 25].

31. On July 23, 2019, as the whereabouts of the Art Collection were unknown and to avoid the dissipation of Estate assets, Plaintiff filed an application for the entry of an Order, pursuant to Rules 2004 and 9016 authorizing and directing the examination of the Defendant, Vivian Scholl ("Scholl"), and Sally Rigg, ("Rigg") under oath, and the production and turnover of

6

certain records and documents that are in the Defendant's possession, custody or control [ECF No. 23].

32. On August 2, 2019, this Court entered an order authorizing the issuance of subpoenas and preserving objection rights [ECF No. 29].

33. On August 13, 2019, September 1, 2019 and October 1, 2019 meetings of creditors pursuant to 11 U.S.C. § 341 were held at which the Defendant failed to appear.

34. On August 29, 2019, this Court granted Defendant's counsel's motion to withdraw the as the attorney of record [ECF No. 33].

35. To date, the Defendant has not appeared at any meetings of creditors pursuant to 11 U.S.C. § 341 or filed any schedules.

36. Upon information and belief, Defendant is residing in London, United Kingdom and has not responded to the Trustee or Secured Creditor other than via limited email communication and the Trustee had an unproductive conference call with the debtor.

37. In addition, upon information and belief, on October 4, 2019, the Trustee had an unproductive conference call with Defendant to resolve his deficiencies or make any meaningful progress in this case.

**The Art Collection**

38. As stated above, on or about July 17, 2015, the Debtor executed and delivered that the PFS. The PFS indicated that at as of July 1, 2015, the Debtor possessed, *inter alia*, an art collection which he valued at $12,000,00.00.

39. Upon information and belief, shortly after Plaintiff acquired its interest in the Loan in late September 2017, the Defendants conducted an open house to market and sell the Property located at 556 Third Street, Brooklyn, New York 11215 (Block: 1080, Lot: 31) (the "Property")

7

40. Upon information and belief, at that time, Plaintiff entered the Property and observed dozens of pieces of fine Art Collection displayed throughout the interior of the Property, which included, without limitation a painting known to be the Self-Portrait as a Heel Part II by Jean-Michel Basquiat (1982) (the "Basquiat") and believed to be valued in the multi-millions of dollars.

41. On May 15, 2019, the Properties were sold at public auction pursuant to the JFS, and in connection therewith, Plaintiff wound up taking back the Properties (along with other pieces of collateral) in the name of an affiliate of Plaintiff.

42. Upon information and belief, as a result of the foregoing, Plaintiff believes that it has been left with a deficiency which it estimates may exceed the sum of $5,700,000.00.

43. Upon information and belief, after closing on the sale of the Property back to an affiliate of Plaintiff, Plaintiff's representatives contacted Vivian Scholl ("Scholl"), a tenant at the Property) for the purposes of inspecting the Property's condition and determining Scholl's exit strategy with respect to the Property.

44. Upon information and belief, Plaintiff met Scholl at the Property and found that the Property was in exactly the same condition as it was when Plaintiff previously entered in 2017 (with dozens of pieces of fine art displayed as a live-in gallery), except that the Basquiat was missing.

45. On that date, Scholl confirmed to the Plaintiff that the Art Collection belongs to the Debtor.

46. The Art Collection was catalogued by the Debtor's architect via a promotional document entitled the "Brooklyn Interactive" (the "Advertisement") which is actively being promoted on the website of Architect Sally Rigg touting the Debtor's fine art collection, referring

8

to the Property as a live-in gallery, and describing various pieces of artwork contained inside the Property by name.

47. Upon information and belief, the Art Collection has been removed by Debtor from the Properties and the Basquiat is stolen.

48. Presently, Plaintiff and the Trustee are prosecuting this case to locate both the Defendant and the Art Collection and 2004 Examination of Scholl and Rigg are scheduled for October 16, 2019 and November 7, 2019, respectively.

## CAUSES OF ACTION

### First Cause of Action
### Denial of Dischargeability Pursuant to 11 U.S.C. § 523(a)(2)

49. Plaintiff realleges each and every allegation set forth in the preceding Paragraphs of the Complaint as though each were fully set forth herein.

50. 11 U.S.C. § 523(a)(2) of the Bankruptcy Code provides that a discharge under § 727 of the Bankruptcy Code "does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

51. Upon information and belief, Defendant made false and misleading statements by failing to schedule the Art Collection and/or disclose his financial affairs in his petition.

52. Upon information and belief, Defendant intended to deceive Plaintiff by failing to schedule the Art Collection and/or disclose his financial affairs his petition.

53. Upon information and belief, Defendant intentionally concealed the existence of the Art Collection and/or disclose his financial affairs in his petition to avoid the claims of Plaintiff.

9

54. Upon information and belief, as set forth hereinabove, the Debtor, is in the process of concealing the Art Collection from Plaintiff in order to retain its value for himself at the expense of creditors of his estate.

55. By virtue of the foregoing, discharge of Plaintiff claims against the Debtor should be denied pursuant to 11 U.S.C. § 523(a)(2).

## Second Cause of Action
### Denial of Dischargeability Pursuant to 11 U.S.C. § 523(a)(4)

56. Plaintiff realleges each and every allegation set forth in the preceding Paragraphs of the Complaint as though each were fully set forth herein.

57. 11 U.S.C. § 523(a)(4) of the Bankruptcy Code provides that a discharge under § 727 of the Bankruptcy Code does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

58. Upon information and belief, the Debtor attempted to perpetrate a fraud on the Bankruptcy Court when he filed for Chapter 11 relief, solely to stay the Plaintiff's legitimate ability to foreclose on the real property security its loan.

59. Upon information and belief, in addition, and in furtherance of his agenda to commit further fraud, the Debtor is intentionally seeking to evade his obligations to disclose his assets and other information to the Bankruptcy Court and his creditors through his schedules.

60. By virtue of the foregoing, discharge of Plaintiff claims against the Debtor should be denied pursuant to 11 U.S.C. § 523(a)(4).

## Third Cause of Action
### Denial of Dischargeability Pursuant to 11 U.S.C. § 523(a)(6)

61. Plaintiff realleges each and every allegation set forth in the preceding Paragraphs of the Complaint as though each were fully set forth herein.

62. 11 U.S.C. § 523(a)(6) of the Bankruptcy Code provides that a discharge under § 727 of the Bankruptcy Code "does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity."

63. Upon information and belief, as alleged herein, the Defendant willfully and maliciously injured Plaintiff through his deceptive acts and practices, intentional acts of fraud, and malfeasance, through which, the Debtor has concealed the existence of the Art Collection or the proceeds therefrom.

64. Upon information and belief., at all relevant times during his fraud, defalcation, and embezzlement the Debtor acted willfully and maliciously towards Plaintiff.

65. By virtue of the foregoing, discharge of Plaintiff's claims against the Debtor should be denied pursuant to 11 U.S.C. § 523(a)(6).

**Fourth Cause of Action**
**Denial of Dischargeability Pursuant to 11 U.S.C. § 727(a)(2)(A)**

66. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

67. 11 U.S.C. § 727(a)(2)(A) provides that "The court shall grant the debtor a discharge, unless …

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed.

68. Upon information and belief, the Debtor, with intent to hinder, delay, or defraud, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed the Art Collection and/or the proceeds therefrom.

11

69. Accordingly, the Defendant should be denied discharge pursuant to 11 U.S.C. § 727(a)(2)(A).

## Fifth Cause of Action
### Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(5)

70. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

71. 11 U.S.C. § 727(a)(5) of the Bankruptcy Code provides as follows:

   a. The court shall grant the debtor a discharge, unless —

   (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities . . . .

72. This Complaint was initiated before determination of denial of discharge under § 727(a)(5) of the Bankruptcy Code.

73. The Debtor has failed to explain satisfactorily any loss of assets or deficiency of assets to meet the Debtor's liabilities, including the basis for removing the Art Collection should any or all of the Art Collection still exist.

74. Accordingly, the Debtor should be denied a discharge pursuant to § 727(a)(5) of the Bankruptcy Code.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, 497 Greenwich Street Lender LLC, respectfully requests an order:

a.    On its First Cause of Action, denying the Debtor's discharge pursuant to § 523(a)(2) of the Bankruptcy Code;

b.    On its Second Cause of Action, denying the Debtor's discharge pursuant to § 523(a)(4) of the Bankruptcy Code;

c.    On its Third Cause of Action, denying the Debtor's discharge pursuant to § 523(a)(6) of the Bankruptcy Code;

d.    On its Fourth Cause of Action, denying the Debtor's discharge pursuant to § 727(a)(2)(A) of the Bankruptcy Code;

e.    On its Fifth Cause of Action, denying the Debtor's discharge pursuant to § 727(a)(5) of the Bankruptcy Code;

f.    awarding Plaintiff, the costs and disbursements of this adversary proceeding together with reasonable attorney's fees; and

g.    such other and further relief as the court may deem just and proper.

Dated: New York, New York
       October 15, 2019

    KRISS & FEUERSTEIN LLP
    *Attorneys for 497 Greenwich Street Lender LLC*

By: */s/ Jerold C. Feuerstein*
    Jerold C. Feuerstein, Esq.
    360 Lexington Avenue, 12th Floor
    New York, New York 10017
    (212) 661-2900